**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

CIVIL ACTION NO. 16-_____

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.        **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

$36,300.00 IN UNITED STATES CURRENCY                                          DEFENDANT

* * * * *

Now comes the plaintiff, United States of America, by and through counsel, David Y. Olinger, Jr. and Brandon L. Fyffe, Assistant United States Attorneys for the Eastern District of Kentucky, and brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.   This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of property which represents proceeds and facilitation of violations of 21 U.S.C. § 841(a)(1).

## THE DEFENDANT *IN REM*

2.   The Defendant currency was seized from David Najib Jallouli during an interdiction at the Cincinnati/Northern Kentucky International Airport, Hebron, Kentucky. The property is in the custody of the United States Marshals Service in Eastern District of Kentucky.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355. Upon the filing of the Complaint, the Plaintiff requests that the Clerk of the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1395(a) and (c) because the property was seized in this district.

## BASIS FOR FORFEITURE

6. The Defendant currency was furnished or intended to be furnished in exchange for controlled substances, was proceeds traceable to such an exchange, or was intended to be used to facilitate the illegal sale of narcotics and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

7. The facts and circumstances supporting the seizure and forfeiture of the Defendant property are set forth in the affidavit of Task Force Officer Richard C. Bernecker which is attached hereto and incorporated herein by reference.

WHEREFORE, the United States of America prays that a Warrant of Arrest *In Rem* be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant

currency be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                    KERRY B. HARVEY
                    UNITED STATES ATTORNEY

By:   s/ David Y. Olinger, Jr.
       Assistant United States Attorney
       260 West Vine Street, Suite 300
       Lexington KY 40507
       (859) 685-4896
       fax: (859) 233-2658
       e-mail: david.olinger@usdoj.gov

       Brandon L. Fyffe
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507
       Phone: (859) 685-4923
       fax:  (859) 233-2533
       e-mail: brandon.fyffe@usdoj.gov